E-FILED
Wednesday, 04 May, 2011 10:27:40 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEPHEN T. CASSELL,
    Plaintiff,

vs.                       11-1111

GLADYSE C. TAYLOR, et. al.
    Defendants.

## MERIT REVIEW ORDER

      This cause is before the court for a merit review of the Plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The pro se Plaintiff has filed a complaint pursuant to 42 U.S.C.§1983 claiming his constitutional rights were violated at Pontiac Correctional Center. The Plaintiff has named seven Defendants including: Illinois Department of Corrections Director Gladyse C. Taylor; Warden Guy D. Pierce; Assistant Warden Lemke; Assistant Warden Reed; Medical Director Steven Taller; Medical Director Dr. Schaffer and Administrative Review Board Member Brian Fairchild.

      The Plaintiff says on both December 11, 2009 and January 20, 2010, he fell while he was trying to take a shower and injured his back. The Plaintiff says he repeated asked for medical care for his on-going back pain, but he was ignored. The Plaintiff has adequately alleged a violation of his Eighth Amendment right to be free from cruel and unusual punishment because that guarantee encompasses a prisoner's right to medical care. To establish a violation, the Plaintiff must pass a two prong test. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The first prong of the test requires the Plaintiff to demonstrate that the alleged deprivation was sufficiently serious. *Farmer v Brennan,* 511 U.S. 825, 834 (1994). The Seventh Circuit has acknowledge that a "serious medical need" is far from "self-defining." *Gutierrez v Peters,* 11 F3d 1364, 1370 (7th Cir. 1997). However, the court noted that the Supreme Court clearly intended to include not only conditions that are life-threatening, but also those in which denial or delay in medical care results in needless pain and suffering. *Id.*

      The second prong of the Eighth Amendment test requires the Plaintiff to show that the defendants acted with deliberate indifference. *Farmer,* 511 U.S. at 828. "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at

840-42) Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987). In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997).

It is not clear whether the Plaintiff was also attempting to state a claim pursuant to the Americans with Disabilities Act (herein ADA). The Plaintiff alleges that he repeatedly asked to be transferred to an "ADA. approved facility," but his requests were denied. (Comp., p. 5) Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. §12101(b)(1). The Supreme Court has held that Title II of the ADA applies to prisoners in state correctional facilities. *Pennsylvania Dept. of Corrections v Yeskey,* 524 U.S. 206 (1998). The statute states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C.§12132.

The Plaintiff has not clearly articulated this claim. The Plaintiff does not state that he is a "qualified individual" under the ADA. *Id.* The Plaintiff makes no reference to any specific disability in the body of his complaint. (Comp., p. 1-6). In the attachments to the Plaintiff's complaint, the Plaintiff states that one leg is shorter than the other. The attachments also show the Plaintiff has received a lower bunk request and a crutch. Furthermore, the Plaintiff no longer resides at Pontiac Correctional Center. The Plaintiff has not clearly articulated a claim pursuant to the Americans with Disabilities Act based on his complaint.

Finally, the Plaintiff has filed a motion for appointment of counsel simply stating that he is unable to afford an attorney. [d/e3] The Plaintiff has no constitutional or statutory right to appointment of counsel in this case. In considering the Plaintiff's motion, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not demonstrated that he has made any attempt to find counsel on his own. He has not named any specific individuals he has attempted to contact, nor has he provided copies of letters he has sent or received in his attempt to find counsel. The motion is denied. [d/e 3]

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the complaint states the following federal claim: the Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical condition when they refused him medical care after he fell in the shower on two occasions. The claim is against the Defendants in their individual capacities only.**

**2)  All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**7) The Plaintiff's motion for appointment of counsel is denied. [d/e 3]**

Entered this 4th Day of May, 2011.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE