UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEPHEN T. CASSELL,
    Plaintiff,

vs.  11-1111,

GLADYSE C. TAYLOR, et. al.
    Defendants.

## SUMMARY JUDGMENT ORDER

This cause is before the court for consideration of the Defendants' motion for summary judgment. [d/e 19 ]

### I. BACKGROUND

The Plaintiff originally filed his complaint pursuant to 42 U.S.C.§1983 claiming that his constitutional rights were violated at Pontiac Correctional Center. The Plaintiff named seven Defendants including Illinois Department of Correctional Director Gladyse C. Taylor, Warden Guy Pierce, Assistant Warden Lemke, Assistant Warden Reed, Medical Director Steven Taller, Medical Director Dr. Schaffer and Administrative Review Board Member Brian Fairchild.

The court found that the Plaintiff had adequately alleged that the Defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. Specifically, the Plaintiff alleged that the Defendants failed to provide him medical care after he fell in the shower on two occasions. *See* May 4, 2011 Merit Review Order.

The Defendants then filed a motion for summary judgment claiming the Plaintiff had failed to exhaust his administrative remedies for his Eighth Amendment claim. [d/e 19] The Plaintiff filed a response, but also filed an amended complaint alleging an additional claim. The Plaintiff now states the Defendants violated his rights pursuant to the Americans with Disabilities Act when they refused to move him to an ADA approved facility for his disability. The Plaintiff says one of his legs is significantly shorter than the other which makes it difficult for him to move and has caused him to fall repeatedly.

The court will consider the Defendants' motion for summary judgment on the Plaintiff's Eighth Amendment claim. The court notes that it has also reviewed the Plaintiff's amended complaint and the Plaintiff has not changed his original Eighth Amendment claim. The Plaintiff still alleges he was injured while trying to take a shower on December 11, 2009 and January 20, 2010 and "on both incidents Plaintiff repeatedly asked to see the medical director and was denied." (Amd. Comp., p. 6-7). The Plaintiff says the continued "refusal to treat Plaintiff for his constant back pain shows deliberate indifference to a serious medical condition." (Amd. Comp,

## II. FACTS

The Illinois Department of Corrections has an established grievance process. See 20 Ill. Admin. Code §§ 504.800 *et seq.* An inmate is first required to speak with a counselor about the contested issue. 20 Ill. Admin. Code § 504.810(a). If the counselor does not resolve the problem, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* The grievance officer submits his recommendation to the Chief Administrative Officer who "shall advise the offender of the final decision in writing within two months after receipt of the written grievance, where reasonably feasible." 20 Ill. Admin. Code § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board within 30 days after the date of the Chief Administrative Officer's decision. 20 Ill. Admin. Code § 504.850(a). The Director shall then review the findings and recommendations of the board and make a final determination within six month after receipt of the grievance. 20 Ill. Admin. Code § 504.850(f). When an inmate has received a copy of the Director's decision, the grievance procedure is complete.

Defendant Brian Fairchild says he is the Chairperson of the Office of Inmate Issues and he is familiar with the records of the Administrative Review Board (herein ARB). Fairchild says he has searched the ARB records for any grievances filed by the Plaintiff pertaining to his Eighth Amendment claim. (Def. Memo, Fair. Aff., p. 3)

Defendant Fairchild says between December 2, 2009 and February 12, 2010, the Plaintiff exhausted his administrative remedies for one grievance. The grievance stated that the Plaintiff was forced to sleep on the floor because he did not have a low-bunk permit. The Plaintiff stated he had a physical disability but was not housed in a handicapped-accessible facility. (Def. Memo, Fair. Aff., p. 3) The Plaintiff stated his current facility did not have handrails or rubber mats in the shower and he had fallen twice and been injured. The relief requested by the Plaintiff was placement in a handicapped-accessible facility. The grievance does not claim that the Plaintiff was denied medical attention at any time. (Def. Memo, Fair. Aff., p. 3)

The Defendants have not provided a copy of the grievance, but the Plaintiff did include a copy with his original complaint. (Comp., p. 28). The grievance is dated January 22, 2010, and does not refer to a denial of medical care.

## III. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the

lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2000). "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

## IV. ANALYSIS

The Defendants argue that the Plaintiff has failed to demonstrate that he has exhausted his administrative remedies as required for his claim that the Defendants violated his Eighth Amendment rights. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001). The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002)

> The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v Bock,* 549 U.S. 199, 218 (2007)

The grievance procedure applicable to the Illinois Department of Corrections is set forth under Title 20 of the Illinois Administrative Code, Sections 504.800-504.850. Here are the stated requirements as of May 1, 2003:

> The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of the

individual are not know, but the offender must include as much descriptive information about the individual as possible. 20 Ill.Admin.Code §504.810(b).

If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo,* 286 F.3d at 1025.

In response to the summary judgment motion, the Plaintiff first claims that he did say in his grievance that he was injured when he fell in the shower. This is correct, but the grievance does not state that the Plaintiff was then denied medical attention for that injury nor does it make reference to any medical personnel. The Plaintiff next claims he alerted individuals to the lack of medical care through his repeated requests for medical care and letters he sent to different individuals. Neither medical slips nor letters fit the requirements for exhaustion of administrative remedies. The Plaintiff does not claim he filed or attempted to file any other grievance.

The court also notes that in the grievance officer's response and the response from the ARB, neither made any mention of a denial of medical care for injuries sustained during a fall in the shower. The issue is referred to the medical department, but only to respond to the Plaintiff's claims concerning his disability and his living conditions. (Comp., p.10, 29). The Plaintiff has failed to demonstrate that he exhausted his administrative remedies for his Eighth Amendment claim.

**IT IS THEREFORE ORDERED that the Defendants' motion for summary judgment on the Plaintiff's claim pursuant to the Eighth Amendment is granted pursuant to Fed. R. Civ. P. 56. [d/e 19].**

Entered this 3rd Day of August, 2011.

s/James E. Shadid

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE